UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT J. KUNZ,

                Plaintiff,

    v.                                    No. 1:11-CV-930
                                          (TJM/DRH)

ROGER BRAZILL, DOUGLAS D. RANDEL,
and SEALED DEFENDANT JANE DOE,

                Defendants.

---

APPEARANCES:

ROBERT J. KUNZ
Plaintiff Pro se
03-B-1730
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

DAVID R. HOMER
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.    Background

    The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Robert J. Kunz ("Kunz" or "plaintiff") who is currently incarcerated at Mid-State Correctional Facility. Dkt. Nos. 1, 2. Kunz also filed a motion for appointment of counsel. Dkt. No. 3. Kunz has not paid the filing fee.

    Kunz brings this action resulting from his conviction in state court. Here, Kunz contends that defendant Brazill, his defense counsel, and defendant Randel, Assistant District Attorney, both failed to have performed the requisite examination and report regarding the alleged sexual assault for which Kunz was ultimately convicted. Dkt. No. 1 at 4. Kunz alleges, among other things, false arrest and wrongful imprisonment.

## II.  Discussion

## A. Initial Screening

The Court has reviewed Kunz's *in forma pauperis* application.  *See* Dkt. No. 2. Because Kunz sets forth sufficient financial need, the Court finds that Kunz qualifies to proceed *in forma pauperis*.

Having found that Kunz meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Title 28 of the United States Code, Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2]  "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

### B. Sufficiency of the Complaint Under 28 U.S.C. § 1915A

Since Kunz is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915A. In his *pro se* complaint, Kunz alleges that the defendants Brazill and Randel violated his constitutional rights by failing to do the proper testing on the victim to prove the alleged rape. Plaintiff seeks release from incarceration and monetary damages. Dkt. No. 1 at 4-7.

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*,

---

filing of [baseless lawsuits], and [the] waste of judicial . . . resources." *Neitzke*, 490 U.S. at 327.

496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

Kunz seeks money damages as relief for his allegedly unlawful confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87.[3] "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment.'" Thus, any shortening of a term of confinement will be subject to the rule in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting [*Heck*,] 512 U.S., at 483, 486, 114 S. Ct. 2364) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases).

Here, Kunz's claim for monetary damages is predicated upon his assertion of his wrongful conviction. Kunz's basis his complaint upon the failure of defendants Brazill and Randel to conduct a physical examination of the victim. Kunz's complaint is void of any specific allegation as to defendant Jane Doe other than Kunz's statement that defendant Doe can be brought up on charges pursuant to penal law 240.50. Dkt. No. 1 at 4. The allegations in the complaint are not sufficient to allow the Court "to draw the reasonable inference" that

---

[3] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

4

plaintiff has been illegally detained or that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, this action is subject to dismissal without prejudice[4] pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### C.  Defendant Douglas D. Randel

To the extent that Kunz alleges that Assistant District Attorney Randal withheld evidence, defendant Randal should be dismissed because "prosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).

Accordingly, defendant Randel be dismissed from this action on this ground as well.

### D.  Defendant Roger Brazill

Kunz alleges ineffective assistance of counsel as to his defense attorney, defendant Roger Brazill.   It is well-settled, however, that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar.31, 2004) ( "It is well-established that as a matter of law a private

---

[4]  *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

attorney is not a state actor." ); Cunningham v. Fisch, 01 Civ. 1123, 2001 U.S. Dist. LEXIS 17483, at *11 (S.D.N.Y. Oct. 26, 2001) (" '[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law' within the meaning of § 1983 ." ') (quoting Polk County v. Davidson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Sullivan v. Stein, No. Civ. 3:03 CV 1203, 2004 WL 1179351, at *10 (D.Conn. May 21, 2004).

Accordingly, defendant Brazill should be dismissed from the complaint.

### E.  Defendant Jane Doe[5]

Kunz names Jane Doe as a defendant alleging that she accused Kunz of rape. Dkt. No. 1 at 4. Kunz brought this action under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d

---

[5]The docket of this case was amended by the Court to list the third named defendant as "Sealed Defendant Jane Doe." See Dkt. No. 9.

1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142).

A review of the complaint herein reveals that Kunz fails to allege any facts demonstrating that defendant Jane Doe acted under color of state law or acted in concert with a state actor to violate Kunz's constitutional rights. Accordingly, defendant Doe should be dismissed from the complaint.

### III. Motion for Appointment of Counsel

Kunz has filed a motion for appointment of counsel. Dkt. No. 3.

In Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. Terminate Control Corp., 28 F.3d at 1341 (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, i.e., "whether the indigent's position was likely to be of substance." McDowell v. State of N.Y., No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting Cooper v. A. Sargenti & Co., Inc., 877 F.2d

7

170, 172 (2d Cir. 1989)).  Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit.  Id.

In light of the Court's recommendation that Kunz's complaint be dismissed for failure to state a claim,  the Court denies Kunz's motion for appointment of counsel as moot.

**WHEREFORE**, it is hereby

**RECOMMENDED** that plaintiff Kunz's complaint be **DISMISSED** as to all claims and all defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim; and it is further

**ORDERED** that although Kunz qualifies to proceed *in forma pauperis,* his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that Kunz's motion for appointment of counsel (Dkt. No. 3) be **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and Report-Recommendation on Kunz by regular mail, and certified return receipt mail.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated:   August 29, 2011

_David R. Homer_
United States Magistrate Judge